UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TINA ALEXANDER, SHEILA ALEXIS, EVELYN BAINES, SHAUNTAY BENNINGS, NYO HAYGOOD, TABITHA HENRY, CHEYANNE JONES, ROSLYN JONES, KENDRA WILLIAMS and KYSHIA WOODS,<br>　　　Plaintiffs<br><br>VS.<br><br>AMERIPRO FUNDING, INC., AMEGY BANK NATIONAL ASSOCIATION and WELLS FARGO BANK, N.A.,<br>　　　Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:14-cv-2947 |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs TINA ALEXANDER, SHEILA ALEXIS, EVELYN BAINES, SHAUNTAY BENNINGS, NYO HAYGOOD, TABITHA HENRY, CHEYANNE JONES, ROSLYN JONES, KENDRA WILLIAMS, KYSHIA WOODS, ZACHARY BAYLOR, and TRACEY KENNERLY (hereinafter sometimes collectively referred to as "Plaintiffs") complaining of AMERIPRO FUNDING, INC., AMEGY BANK NATIONAL ASSOCIATION and WELLS FARGO BANK, N.A. (hereinafter sometimes collectively referred to as "Defendants") and for cause of action would respectfully show this Honorable Court the following:

# I.
# PARTIES

1. Plaintiff TINA ALEXANDER ("Alexander") is a resident of Fort Bend, Harris County, Texas.

2. Plaintiff SHEILA ALEXIS ("Alexis") is a resident of Houston, Harris County, Texas.

3. Plaintiff EVELYN BAINES ("Baines") is a resident of Houston, Harris County, Texas.

4. Plaintiff SHAUNTAY BENNINGS ("Bennings") is a resident of Houston, Fort Bend County, Texas.

5. Plaintiff NYO HAYGOOD ("Haygood") is a resident of Houston, Harris County, Texas.

6. Plaintiff TABITHA HENRY ("Henry") is a resident of Houston, Harris County, Texas.

7. Plaintiff CHEYANNE JONES ("Cheyanne Jones") is a resident of Houston, Harris County, Texas.

8. Plaintiff ROSLYN JONES ("Roslyn Jones") is a resident of Houston, Harris County, Texas.

9. Plaintiff KENDRA WILLIAMS ("Williams") is a resident of Houston, Harris County, Texas.

10. Plaintiff KYSHIA WOODS ("Wood") is a resident of Houston, Harris County, Texas.

11. Plaintiff ZACHARY BAYLOR ("Baylor") is a resident of Houston, Harris County, Texas

12. Plaintiff TRACEY KENNERLY ("Kennerly") is a resident of Tomball, Harris County, Texas.

13. Defendant, AMERIPRO FUNDING, INC. ("AmeriPro Funding") is a Domestic For-Profit Corporation doing business in the State of Texas. Defendant AmeriPro Funding has filed an answer.

14. Defendant, AMEGY BANK NATIONAL ASSOCIATION ("Amegy Bank") is a Texas financial institution doing business in the State of Texas. Defendant Amegy Bank has filed an answer.

15. Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo Bank") is a foreign bank and financial institution. Defendant Wells Fargo Bank has filed an answer.

## II.
## JURISDICTION AND VENUE

16. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in Houston, Texas.

17. Venue is also proper in the United States District Court for the Southern District of Texas, Houston Division as one (1) or more of the Defendants, who are not natural persons, maintain their principal office in Harris County, Texas.

18. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

19. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiffs are bringing this claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

20. The amount in controversy is within the jurisdictional limits of this Court.

21. This Court has jurisdiction over all claims in this action.

## III.
## **CONDITIONS PRECEDENT**

22. Plaintiffs would further show that all conditions precedent to Plaintiffs' recovery under all causes of action set forth herein have been performed or have occurred.

## IV.
## **OPERATIVE FACTS**

23. Plaintiffs, as more fully named above, each constitute applicants with respect to credit transactions under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

24. Defendant AmeriPro Funding, Inc. is a creditor as that term is defined under the Equal Credit Opportunity Act.

25. Defendant AmeriPro Funding, Inc. certifies to United States government that it is in compliance with the Equal Credit Opportunity Act.

26. Defendant AmeriPro Funding, Inc. is required to comply with the Equal Credit Opportunity Act in order to receive federal guarantees for its mortgages, such as those guarantees under the Federal Housing Administration.

27. Defendant Amegy Bank is a creditor as that term is defined under the Equal Credit Opportunity Act.

28. Defendant Amegy Bank certifies to United States government that it is in compliance with the Equal Credit Opportunity Act.

29. Defendant Amegy Bank is required to comply with the Equal Credit Opportunity Act in order to receive federal guarantees for its mortgages, such as those guarantees under the Federal Housing Administration and Fannie Mae.

30. Defendant Wells Fargo Bank, N.A. is a creditor as that term is defined under the Equal Credit Opportunity Act.

31. Defendant Wells Fargo Bank, N.A. certifies to United States government that it is in compliance with the Equal Credit Opportunity Act.

32. Defendant Wells Fargo Bank, N.A. is required to comply with the Equal Credit Opportunity Act in order to receive federal guarantees for its mortgages, such as those guarantees under the Federal Housing Administration.

33. Plaintiffs sought to use income received from Section 8 income to qualify for a mortgage.

34. As such, Plaintiffs were individuals whose income derived in whole or part from a public assistance program.

35. Plaintiffs were therefore specifically protected under 15 U.S.C. § 1691, *et. seq*.

36. Plaintiffs were protected from discrimination under the terms of that statute.

37. 15 U.S.C. § 1691(a) specifically provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . .
> (2) because all or part of the applicant's income derives from any public assistance program.

15 U.S.C. § 1691(a).

38. Defendants discriminated against Plaintiffs in one (1) or more aspects with respect to credit transactions with Defendants, as is more fully set forth below.

## V.
## VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

39. Defendants' conduct with regard to the Plaintiffs constitute one or more violations of the Equal Credit Opportunity Act ("ECOA") 15 U.S.C 1691 *et. seq*.

40. Specifically, Defendants discriminated against Plaintiffs in their capacity as applicants seeking credit to purchase a home because all or a part of each Plaintiffs' income derives from public assistance programs.

## VI.
## FACTS

**A.  Defendant Amegy Bank**

41. In addition to the foregoing allegations, Plaintiff Kendra Williams specifically requested financing and/or credit from Amegy Bank through its employees, agents and servants, including, but not limited to, Shirley Penn and an individual named "Maria."

42. Kendra Williams sought to use income derived from a Section 8 housing voucher that she qualified for and a down payment from South East Texas Housing Financial Corporation ("SETH") for her mortgage application.

43. As such, Kendra Williams was an individual whose income derived in whole or part from a public assistance program.

44. Kendra Williams was therefore specifically protected under 15 U.S.C. § 1691, *et. seq*.

45. Kendra Williams was also protected from discrimination under the terms of that statute.

46. 15 U.S.C. § 1691(a) specifically provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . .
> (2)  because all or part of the applicant's income derives from any public assistance program.

15 U.S.C. § 1691(a).

47. Based on available information, Kendra Williams contacted Amegy in late 2011 and in 2012 to inquire about financing a home.

48. Kendra Williams was requesting a mortgage from Amegy for a home located at 3610 Liberty Square Trail in Fresno, Texas.

49. Subject to the timely completion of her loan application, Kendra Williams had a $25,000 commitment from SETH to assist with her down-payment.

50. Shirley Penn, Affordable Mortgage Loan Officer, with Amegy requested Kendra Williams provide information on the home including taxes, insurance, and HOA.

51. Based on information and belief, during this period, Amegy also would not include the amount of Kendra Williams Section 8 voucher in their calculations of her income.

52. Amegy told Kendra Williams that she could not use Section 8 vouchers to qualify for a loan with Amegy.

53. Because Amegy would not use the Section 8 voucher in its loan decision, Kendra Williams was told by Amegy that she could not have a mortgage because her debt to income ratio was too high to qualify and therefore Amegy denied her credit.

54. Amegy never sent Kendra Williams a rejection letter stating the reasons for her loan denial.

55. Kendra Williams purchased another home that was less expensive than the Fresno home and in a less desirable neighborhood.

56. Kendra Williams lost time while trying to work with Amegy to obtain a mortgage and as a result, lost the opportunity to purchase her first desired home.

57. Amegy Bank specifically declined to provide financing and/or credit to Williams because her income derived from the Section 8 housing voucher provided through SETH.

58.     Kendra Williams also lost the ability to use the $25,000 down payment assistance voucher.

59.     Accordingly, by this denial, Amegy Bank violated the Equal Credit Opportunity Act, 15 U.S.C. §1691, *et seq*.

60.     Kendra Williams' damages include the lost opportunity to purchase the Fresno home in the better neighborhood and a lower home value on her current home compared to the Fresno home.

B.     **Defendant AmeriPro Funding**

61.     In addition to the foregoing allegations, Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods also specifically requested financing and/or credit from Defendant AmeriPro Funding through various employees, agents and servants.

62.     Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods contacted and made inquiry to Defendant AmeriPro Funding as to financing a home that each of them desired.

63.     Based on information and belief to date, Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods contacted Defendant AmeriPro Funding during various months of the calendar years 2011 to and including 2014.

64.     Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods

8

were individuals whose income (during relevant times) derived all or in part from a public assistance program.

65. Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods who were on public assistance in the form of Section 8 housing assistance and vouchers, were denied the right to utilize said income in qualifying for a loan with Defendant AmeriPro Funding.

66. Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods were therefore specifically protected under 15 U.S.C. § 1691, *et seq*.

67. Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods were also protected from discrimination under the terms of that statute.

68. 1591 U.S.C. § 1691(a) specifically provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . .
> (2) because all or part of the applicant's income derives from any public assistance program.

15 U.S.C. § 1691(a).

69. Additionally, Defendant AmeriPro Funding denied credit and financing to Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods because it claims it did not have an investor that would purchase a loan that allowed for their Section 8 income to be utilized in calculating the debt to income ratio and for qualifying purposes.

70. Because Defendant AmeriPro Funding would not use the Section 8 voucher in its loan decision, Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo

9

Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods could not secure a certain size mortgage (due to excessive debt to income ratio), forcing each Plaintiff to purchase a home that was less expensive from their desired home, in a less desirable neighborhood and/or location, and in many cases, under less favorable terms.

71. Accordingly, Defendant AmeriPro Funding violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, as to Plaintiffs Tina Alexander, Sheila Alexis, Evelyn Baines, Shauntay Bennings, Nyo Haygood, Tabitha Henry, Cheyanne Jones, Roslyn Jones, Kendra Williams and Kyshia Woods.

72. Defendant AmeriPro Funding sold their mortgage loans to other financial institutions, including Defendant Wells Fargo Bank.

73. As part of the correspondent lending practices of Wells Fargo Bank, any loans that Defendant AmeriPro Funding sold to Defendant Wells Fargo Bank had to meet the lending guidelines for Wells Fargo Bank.

74. During the time of Plaintiffs' loans and loan inquires made the basis of this lawsuit, Defendant AmeriPro Funding was informed by Defendant Wells Fargo Bank that the bank's lending guidelines did not allow the receipt of Section 8 income to be considered as qualifying income for determining whether an applicant qualifies for a loan and the calculation of the amount the applicant would be able to borrow.

75. At least four Plaintiffs (Tina Alexander, Cheyanne Jones, Kendra Williams and Kyshia Wood), applied for loans with Defendant AmeriPro Funding which Defendant AmeriPro Funding processed with the intention of selling the loan to Defendant Wells Fargo Bank.

C.     **Defendant Wells Fargo Bank**

76.    During all relevant periods of time, Defendant Wells Fargo Bank was a correspondent lender, who set up guidelines to purchase certain closed loans from creditors such as Defendant AmeriPro Funding.

77.    In its capacity as a correspondent lender, Defendant Wells Fargo Bank provided lending guides required to be utilized by creditors, such as Defendant AmeriPro Funding, seeking to sell its loans and in extending credit to applicants, such as Plaintiffs.

78.    The guidelines set by Defendant Wells Fargo Bank were in clear violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*. In other words, Defendant Wells Fargo Bank, by way of its correspondent lending relationship with creditors and lenders, such as Defendant AmeriPro Funding, set up mechanisms to circumvent the requirements and prohibitions of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*.

79.    Wells Fargo Bank's own publically available policy states:

> Wells Fargo will not accept transactions including, but not limited to, the following:
> . . .
> FHA Section 8 loans

Wells Fargo Funding Seller Guide 600.02(b).

80.    As a result, Plaintiffs Tina Alexander, Cheyanne Jones, Kendra Williams and Kyshia Woods in their capacity as an applicant seeking credit to purchase a home, whose income derived in whole and in part from public assistance programs, such as Section 8, were discriminated against by not utilizing Section 8 income for purposes of extending credit by Defendant Wells Fargo Bank as a correspondent lender.

81.    In addition Zachary Baylor and Tracey Kennerly, who applied for mortgage loans with Wells Fargo, were discriminated against by Wells Fargo's refusal to consider Section 8

income or other public assistance for consideration in its mortgage loan decisions on the same basis as non-public assistance income.

82. Plaintiff Tina Alexander applied for a mortgage loan in approximately the summer of 2011 with Defendant AmeriPro Funding which was processed using Defendant Wells Fargo Bank's lending guidelines since Defendant AmeriPro Funding intended to sell this loan to Defendant Wells Fargo Bank.

83. Plaintiff Tina Alexander's Section 8 income was not included for consideration as part of her mortgage application.

84. As a result of her Section 8 income not being considered as income on her mortgage application, Tina Alexander obtained less favorable mortgage terms:

   a. For example, Alexander desired to qualify for a fifteen year mortgage, but was unable to qualify without her Section 8 income being considered as income on her mortgage application, and so, as a result, had to obtain a thirty year mortgage with the same payments.

   b. She also desired to obtain a more expensive house than the one she ultimately qualified for.

   c. When Alexander was told that her Section 8 income would not qualify as income on her mortgage application, she was told she would not qualify for a thirty year mortgage with the payments she wanted, and a house at a certain price level; and after being told that Alexander applied for a mortgage in accordance with the terms she was told she would qualify for without her section 8 income being considered as income on her mortgage application.

85. Plaintiff Cheyanne Jones applied for a mortgage loan in approximately the summer of April 2012 with Defendant AmeriPro Funding which was processed using Defendant Wells Fargo Bank's lending guidelines since Defendant AmeriPro Funding intended to sell this loan to Defendant Wells Fargo Bank.

86. Plaintiff Cheyanne Jones' Section 8 income was not included for consideration as part of her mortgage application.

87. As a result of her Section 8 income not being considered as income on her mortgage application, Cheyanne Jones obtained less favorable mortgage terms and qualified for a mortgage at a lesser amount than if her Section 8 income had been considered.

88. Plaintiff Kendra Williams applied for a mortgage loan in approximately December 2012 or January 2013 with Defendant AmeriPro Funding which was processed using Defendant Wells Fargo Bank's lending guidelines since Defendant AmeriPro Funding intended to sell this loan to Defendant Wells Fargo Bank.

89. Plaintiff Kendra Williams' Section 8 income was not included for consideration as part of her mortgage application.

90. As a result of her Section 8 income not being considered as income on her mortgage application, Kendra Williams obtained less favorable mortgage terms and qualified for a mortgage at a lesser amount than if her Section 8 income had been considered.

91. Plaintiff Kyshia Wood applied for a mortgage loan in approximately April 2012 with Defendant AmeriPro Funding which was processed using Defendant Wells Fargo Bank's lending guidelines since Defendant AmeriPro Funding intended to sell this loan to Defendant Wells Fargo Bank.

92. Plaintiff Kyshia Wood's Section 8 income was not included for consideration as part of her mortgage application.

93. As a result of her Section 8 income not being considered as income on her mortgage application, Kyshia Woods obtained less favorable mortgage terms and qualified for a mortgage at a lesser amount than if her Section 8 income had been considered.

94. Plaintiff Zachary Baylor applied for a mortgage loan in approximately 2011 with Defendant Wells Fargo Bank.

95. At the time Zachary Baylor applied for the mortgage loan, he was receiving social security disability payments and Section 8 housing assistance of $500 per month. He also had a down payment voucher in the amount of $30,000.

96. Plaintiff Zachary Baylor's Section 8 and other public assistance income was not considered by Wells Fargo on the same basis as non-public assistance income for his mortgage application.

97. Zachary Baylor's 2011 mortgage application was finally denied in 2012 by Wells Fargo, after it had been pending for over a year.

98. After the denial by Wells Fargo, Zachary Baylor eventually obtained a mortgage through another lender and closed in October 2012.

99. In the meantime, however, during the year Zachary Baylor waited for the decision from Wells Fargo and after the denial, he lost the use of the home and had to live in an apartment which was in a dangerous area.

100. As a result of staying in his apartment during that year, his apartment was broken into and most of his possessions were stolen.

101. In addition, Zachary Baylor also lost the use of the home he was eventually able to purchase for the year he waited for a decision on his application.

102. Plaintiff Tracey Kennerly applied for a mortgage loan in approximately early 2012 with Defendant Wells Fargo Bank.

103. At the time of Tracey Kennerly's application, she had a $9,500 down payment voucher from Harris County Housing Authority and was also receiving Section 8 housing assistance.

104. Plaintiff Tracey Kennerly's Section 8 income was not considered on the same basis by Wells Fargo as non-public assistance income for consider of her mortgage application.

105. Plaintiff Tracey Kennerly's down payment housing voucher was not included for consideration by Wells Fargo as part of her mortgage application.

106. Wells Fargo required two appraisals be done on Tracey Kennerly's application.

107. Wells Fargo denied Tracy Kennerly's application.

108. Wells Fargo told Tracy Kennerly that her mortgage loan would only be granted if she increased the amount of her down payment.

109. As a result of her Section 8 income not being considered on the same basis as non-public assistance income for the purpose of her mortgage application, Tracey Kennerly obtained less favorable mortgage terms and qualified for a mortgage at a lesser amount than if her Section 8 income had been considered equally as non-public assistance income.

## VII.
## **DAMAGES**

110. Pursuant to 15 U.S.C. Section 1691e. Civil Liability, Plaintiffs each seek punitive damages in the amount of $10,000 in addition to their actual damages.

111. Additionally, Plaintiffs seek costs of the action, together with reasonable attorneys' fees as determined by the court.

## VIII.
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs TINA ALEXANDER, SHEILA ALEXIS, EVELYN BAINES, SHAUNTAY BENNINGS, NYO HAYGOOD, TABITHA HENRY, CHEYANNE JONES, ROSLYN JONES, KENDRA WILLIAMS, KYSHIA WOODS, ZACHARY BAYLOR, and TRACEY KENNERLY pray that Defendants AMERIPRO FUNDING, INC., AMEGY BANK NATIONAL ASSOCIATION and WELLS FARGO BANK, N.A. be cited to answer herein, and that Plaintiffs have judgment against all Defendants, jointly and severally, for both actual and punitive damages in an amount greatly in excess of the minimum jurisdictional limits of this Court, together with all recoverable prejudgment and post-judgment interest, all costs of court, attorneys' fees, and such other and further relief, general and special, under case law or statute, to which Plaintiffs may show themselves to be justly entitled to receive.

Respectfully submitted,

   */s/   Joseph Y. Ahmad*
Micky N. Das
Texas Bar No. 05402300
Email: mdas@tylerdaslaw.com
TYLER &DAS
2000 Bering Drive, Suite 401
Houston, Texas 77057
Telephone: (713) 739-1900
Facsimile: (713) 739-8347

Of Counsel:
    Joseph Y. Ahmad
    Texas Bar No. 00941100
    SD TX I.D. No. 11604
    Email: joeahmad@azalaw.com
    AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING P.C.
    1221 McKinney Street, Suite 3460
    Houston, Texas 77010-2009
    Telephone: (713) 655-1101
    Telecopier: (713) 655-0062

ATTORNEYS FOR PLAINTIFFS
TINA ALEXANDER, SHEILA ALEXIS,
EVELYN BAINES, SHAUNTAY BENNINGS,
NYO HAYGOOD, TABITHA HENRY,
CHEYANNE JONES, ROSLYN JONES,
KENDRA WILLIAMS, KYSHIA WOODS,
ZACHARY BAYLOR, and
TRACEY KENNERLY

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on this the 6th day of April, 2015, on the following via ECF and/or facsimile and/or CMRRR and/or email:

| | |
|---|---|
| Robert T. Mowrey<br>Email: rmowrey@lockelord.com<br>**Attorney-in-Charge**<br>Johnathan E. Collins<br>Email: jecollin@lockelord.com<br>Jason L. Sanders<br>Email: jsanders@lockelord.com<br>Alexandra A. LoCasto<br>Email: alocasto@lockelord.com<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201-6776<br>(214) 740-8000 Telephone<br>(214) 740-8800 Facsimile<br>*Counsel for Defendant*<br>*Wells Fargo Bank, N.A.*<br><br>Derrick B. Carson<br>Email: dcarson@lockelord.com<br>LOCKE LORD LLP<br>600 Travis, Suite 2800<br>Houston, Texas 77002<br>(713) 226-1200 Telephone<br>(713) 223-3717 Facsimile<br>*Of Counsel for Defendant*<br>*Wells Fargo Bank, N.A.* | Jon Maxwell Beatty<br>Email: mbeatty@diamondmccarthy.com<br>Michael Fishel<br>Email: mfishel@diamondmccarthy.com<br>DIAMOND McCARTHY LLP<br>909 Fannin St., Suite 1500<br>2 Houston Center<br>Houston, Texas 77010-1015<br>(713) 333-5100 Telephone<br>(713) 333-5199 Facsimile<br>*Counsel for Defendant Amegy*<br>*Bank National Association*<br><br>Elizabeth J. Lee<br>Email: leee@ballardspahr.com<br>BALLARD SPAHR LLP<br>1 East Washington St., Suite 2300<br>Phoenix, Arizona 85004-2555<br>(602) 798-5400 Telephone<br>(602) 798-5595 Facsimile<br>*Counsel for AmeriPro Funding, Inc.*<br><br>Daniel JT McKenna<br>Email: mckennad@ballardspahr.com<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103-7599<br>(215) 665-8500 Telephone<br>(215) 864-8999 Facsimile<br>*Counsel for AmeriPro Funding, Inc.* |

                */s/   Joseph Y. Ahmad*
                Joseph Y. Ahmad